IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRON YOUNG, #M-23754, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-443-JPG |
| | ) |
| BIG MUDDY RIVER C.C., | ) |
| ILLINOIS RIVER C.C., | ) |
| JASON GARNETT, | ) |
| JUSTIN HAMMERS, and | ) |
| BMRCC RECORDS OFFICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antron Young filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants have held him beyond his release date. At the time he filed his complaint, Plaintiff was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). According to the Illinois Department of Corrections' Inmate Search Page, *see* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited May 26, 2016), Plaintiff was released on parole on May 13, 2016.

## Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff received a disciplinary ticket on February 20, 2016 while he was incarcerated at Illinois River Correctional Center ("Illinois River"). (Doc. 1, p. 5). At his disciplinary hearing, the adjustment committee found him guilty and recommended that he be punished with the loss of three months good time credit. *Id*. Prior to the incident, Plaintiff was scheduled to be released on parole on March 15, 2016. Plaintiff was later informed by the head counselor at Illinois River that the Director's office had approved the loss of only one month of good time credit. *Id*.

On March 16, 2016, Plaintiff was transferred to Big Muddy River Correctional Center ("Big Muddy"). On March 23, he received another calculation sheet from Big Muddy's record office indicating that the Director's office (in Springfield) had taken another month of good time credit away from Plaintiff, which changed his release date to May 15, 2016. *Id*. Plaintiff contacted the record's office at Big Muddy and was told by a counselor there that he "better be happy." *Id*. Plaintiff then contacted Defendant Garnett, warden at Big Muddy, and informed him of the situation. Defendant Garnett responded with a memo indicating that the Director's office had approved the two-month loss of good time credit on March 23, 2016. *Id*. Plaintiff asserts that this change in the decision regarding his loss of good time credit violated his rights and amounted to him being held against his will. Plaintiff makes reference to an "Exhibit 1," but no exhibit is attached to his complaint.

Plaintiff has named as defendants Jason Garnett (warden at Big Muddy), Big Muddy River Correctional Center Record's Office, Illinois River Correctional Center, and Justin Hammers (warden at Illinois River). Although Plaintiff alleged in the complaint that he was being held "against his will," in his request for relief, he sought monetary damages, not release from prison.

## Discussion

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for the following reasons.

As a preliminary matter, the Court notes that typically when an inmate seeks damages for an alleged harm that touches not only on the conditions of confinement, but also the duration of confinement, the Court must first determine whether the claim is properly brought as a civil rights action or should, instead, be filed as a habeas petition pursuant to 28 U.S.C. § 2241. In

*Heck v. Humphrey*, 512 U.S. 477, (1994), the Supreme Court "held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citation omitted).

Frankly, it is unclear to the Court whether Plaintiff ever intended to challenge the validity of the loss of good time credits. In the complaint, Plaintiff does not assert that he was not guilty of the disciplinary infraction. Nor does he claim that he was denied due process at his disciplinary hearing. He does not even claim that the adjustment committee's recommendation of the loss of three months good time credit was unreasonable or invalid. Rather, he complains about the fact that he was originally told that the Director had decided to penalize him with only one month loss of good time credit and then changed the penalty to two months. Regardless, at this point, Plaintiff is no longer incarcerated and, therefore, any claim Plaintiff brought in a habeas action would be considered moot. While it remains an open question for the Supreme Court to decide whether *Heck's* "favorable termination" requirement bars § 1983 suits brought by individuals for whom habeas relief is no longer available, a majority of circuits, including the Seventh Circuit, have indicated that it does not. *See DeWalt v. Carter*, 224 F.3d 607, 615-616 (7th Cir. 2000) (noting that a majority of Supreme Court Justices have indicated that a prisoner who is no longer in custody may not be bound by the favorable-termination requirement). Assuming, without deciding, that Plaintiff's claims are not barred by *Heck*, the Court nonetheless finds that the complaint fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and must be dismissed.

The complaint, as it currently stands, is confusing and lacks sufficient factual detail to state a claim for relief, even under the liberal notice pleading standard established by Rule 8 of the Federal Rules of Civil Procedure. To state a claim for relief, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). The present complaint lacks sufficient details, is missing an exhibit referenced in the statement of claim, and fails to explain how each of the named Defendants is personally responsible for the alleged constitutional violation. Plaintiff mentions only in passing Defendant Garnett, but he makes no mention of the other named Defendants. As the complaint is currently drafted, the Court has no way to determine whether Plaintiff has any legitimate claims against the named Defendants.[1]

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . .

---

[1] That being said, the Court notes that under no circumstances would Plaintiff be able to maintain a suit against Defendants Big Muddy River Correctional Center, Big Muddy River C.C. Record's Office, or Illinois River Correctional Center because as divisions of the Illinois Department of Corrections, they are state government agencies. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not discussed his allegations against a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

For this reason, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

In addition, the Court notes that Plaintiff has not notified the Court of his present whereabouts. In a letter notifying Plaintiff that his complaint had been filed (Doc. 5), the Court advised Plaintiff that he has a continuing obligation to keep the Court informed of any change in his whereabouts during the pendency of this action. The Court warned Plaintiff that any change in address shall be done in writing and not later than seven days after a transfer or other change in address occurs and that failure to provide such notice may result in dismissal of this action. **Plaintiff shall notify the Court immediately of his new address. Failure to do so <u>will</u> result in dismissal of this action for Plaintiff's failure to prosecute this case.** *See* FED. R. CIV. P. 41(b).

**Pending Motions**

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and motion for service of process at government expense (Doc. 4) remain **PENDING**. These motions shall be addressed in later orders.

Plaintiff has also filed a motion requesting that the Court recruit counsel to represent him in this matter. (*See* Doc. 3). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff states that he has to written to lawyers, but he has not heard back from any of them. However, he has failed to submit any documentation indicating that he has done so. Moreover, the only explanation that Plaintiff offers as to why he is unable to represent himself is that he does not understand the law. At this juncture, the Court is primarily concerned with whether Plaintiff has a colorable § 1983 claim, and if so, whether he is able to articulate that claim to this Court. The Court is not yet convinced that this task is beyond Plaintiff's capabilities. For these reasons, Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**, but it is denied without prejudice to Plaintiff filing another motion for recruitment of counsel in the future. The Court will remain open to assigning counsel at a later date.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (**on or before July 6, 2016**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action.

The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.[2] Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Plaintiff should bear in mind, **Error! Main Document Only.**"The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). However, where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

**IT IS SO ORDERED.**

**DATED: May 31, 2016**

                  s/J. Phil Gilbert
                  **United States District Judge**